UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAMMER BRAND, LLC,

    Plaintiff,

v.                                        Case No. 8:23-cv-01272-KKM-NHA

VORO INC., *et al.*,

    Defendants.
_____/

## ORDER

The Court denies without prejudice Plaintiff Hammer Brand, LLC's motions for entry of Clerk's default against Defendants Alpha Pro Scooters, Amped Adventure, LLC, Bostonproscooter, LLC, and Hyper Rides, LLC (Docs. 122, 123, 124). Plaintiff is directed to show cause, on or before March 22, 2024, why the Court's exercise of jurisdiction over these Defendants does not offend due process.

**I.  Background**

Plaintiff alleges Alpha Pro, Amped Adventure, Bostonproscooter LLC, and Hyper Rides, LLC acted unlawfully when they advertised and sold motorized scooters that infringed on Plaintiff's WOLF trademark. 3d Am. Compl. (Doc. 59).

Plaintiff describes three of these Defendants as follows:

> [] Defendant Hyper Rides is a California limited liability company with a principal place of business in California which markets and sells the Kaabo Infringing Scooters at retail in the United States.
>
> [] Defendant Amped is a Washington limited liability company with a principal place of business in Washington which markets and sells the Kaabo Infringing Scooters at retail in the United States.
>
> …
>
> [] Defendant Alpha is a California business which markets and sells the Kaabo Infringing Scooters at retail in the United States.

3d Am. Compl. (Doc. 59), at ¶¶ 11-12, 14.

Plaintiff offers no description of Bostonproscooter LLC. *See id.* But Plaintiff served Bostonproscooter LLC in Massachusetts. Doc. 116.

Thus, none of these entities appears to be domiciled in Florida. Plaintiff does not allege any of these companies sold their products in Florida. Plaintiff does not allege that these entities directed their business in any way at Florida or its residents.

Plaintiff alleges that it served each of these Defendants (Docs. 91, 92, 116, 117) and that each failed to timely answer or otherwise respond.[1] Docs.

---

[1] Following the purported service, Defendant Amped Adventures wrote a letter to Plaintiff seeking to resolve the allegations, a copy of which was filed with the Court. Doc. 77. And, Defendant Alpha Pro Scooters filed a pro se answer/motion to dismiss on December 14, 2023, arguing, among other defenses, that the court lacked jurisdiction over it, as it is a California business that operates exclusively within the state. Doc. 96 at 2. The Court, however, reminded these Defendants that a corporation cannot represent itself, and ordered them to "retain counsel, who must file a response to the complaint by

2

122 at p. 2, 123-1 at p. 2, 124-1 at p. 2. Plaintiff now moves for entry of Clerk's default. Docs. 122, 123, 124.

## II. Legal Authority

Courts may raise the question of personal jurisdiction *sua sponte*,[2] provided the Court grants the parties the chance to argue why personal jurisdiction exists. *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) ("In the absence of a waiver, a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue."). It is "almost axiomatic that a plaintiff bears the burden of establishing a prima facie case of personal jurisdiction." *Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1292 (11th Cir. 2021).

---

January 31, 2024." Doc. 105 at 2; Doc. 106 at 2. Counsel did not appear on behalf of either Defendant Alpha Pro Scooters or Amped Adventure, and neither of these Defendants filed a response to the Third Amended Complaint by the Court-noticed deadline, prompting Plaintiff to move for entry of Clerk's Default. Doc. 122 at 2.

[2] "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). Thus, Defendants Amped Adventure's and Alpha Pro Scooters's pro se filings did not constitute responsive pleadings such that they could have waived objections to personal jurisdiction. In any event, Defendant Alpha Pro Scooters lodged the defense of lack of jurisdiction in its pro se answer. Doc. 96 at 2. The Court did not construe Defendant Amped Adventure's letter as a responsive pleading. Doc. 77.

3

Nowhere has Plaintiff alleged that the Court has personal jurisdiction over any of these Defendants. *See* 3d Am. Compl. (Doc. 59). Nor is it clear to the Court, based on the facts alleged in the operative complaint, that such jurisdiction exists. Nowhere does Plaintiff allege that these businesses conducted any business with Florida or its residents, or that they even attempted to do so.

Plaintiff's only allegations connecting these Defendants to Florida is that they allegedly harmed a Plaintiff who resides in Florida by infringing on its trademark. *Id.* ¶¶ 1, 48. This is likely enough to satisfy the requirements of Florida's long-arm statute. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1216 (11th Cir. 1999) (adopting broad interpretation of long-arm statute by Florida courts that permits personal jurisdiction over nonresident defendant alleged to have committed a tort causing injury in Florida). But this is not enough to establish the Court's personal jurisdiction over Defendants; the Court's exercise of jurisdiction must also be consistent with federal due process requirements. *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008).

"The due process clause of the United States Constitution protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). Generally, the constitutional requirement is "satisfied when in personam jurisdiction is

asserted over a nonresident corporate defendant that has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe*, 326 U.S. at 316, 66 S.Ct. 154).

The Eleventh Circuit examines "(1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). "The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, "a defendant must make a 'compelling case' that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.* (citing *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1267 (11th Cir. 2010).

Here, Plaintiff has not carried its burden of showing (1) that its claims arise out of or relate to each Defendant's contacts with the forum and (2) that each nonresident Defendant purposefully availed itself of the privilege of conducting activities within the forum state.

5

Thus, Plaintiff has not established that the Court's exercise of jurisdiction over Defendants Alpha Pro Scooters, Amped Adventure, LLC, Bostonproscooter LLC, and Hyper Rides, LLC meets the requirements of the due process clause.

Accordingly, Plaintiff's motions for entry of Clerk's default against Defendants Alpha Pro Scooters, Amped Adventure, LLC, Bostonproscooter LLC, and Hyper Rides, LLC (Docs. 122, 123, 124) are DENIED WITHOUT PREJUDICE.

Plaintiff is ordered to SHOW CAUSE, or on before March 22, 2024, why the Court's exercise of jurisdiction over Defendants Alpha Pro Scooters, Amped Adventure, LLC, Bostonproscooter LLC, and Hyper Rides, LLC is consistent with federal due process requirements.

ORDERED on March 8, 2024.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge